UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-30156-MAP

Bankruptcy Case No. 02-46689-HJB

IN RE: KATHLEEN M. DAIGNEAULT,
Debtor

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KATHLEEN M. DAIGNEAULT,

Appellant
v.

RICHARD KING, ASSISTANT UNITED STATES TRUSTEE; AND
DENISE M. PAPPALARDO, CHAPTER 13 TRUSTEE

Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIEF OF APPELLEE, DENISE PAPPALARDO, CHAPTER 13 TRUSTEE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.   STATEMENT OF ISSUE PRESENTED ............................................................ 1

II.  STANDARD OF REVIEW ................................................................................. 1

III. STATEMENT OF THE CASE AND FACTS .................................................... 1

IV.  ARGUMENT ....................................................................................................... 4

## I. STATEMENT OF ISSUE

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

## II. STANDARD OF REVIEW

Whereas, the lower court's decision is reviewed for abuse of discretion, the appellate court reviews the facts underlying the decision under a "clearly erroneous" standard. Fed. Rules Bankr. Pro. 8013. *See also, In re Ortiz*, 200 B.R. 485, 489, (D. Puerto Rico 1996). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of law or clearly erroneous factual findings. *Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990). To determine that the Bankruptcy Court abused its discretion, this Court must find that the lower court "committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." *In re Williams*, 224 B.R. 523, 529 (B.A.P. 2nd Cir. 1998). The clearly erroneous standard requires the Court to give great deference to the bankruptcy court. *Ortiz*, at 489. Legal conclusions are reviewed *de novo*. *Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 75(1st Cir. 1997).

## III. STATEMENT OF THE CASE AND FACTS

On November 1, 2002, Kathleen Daigneault (the "Debtor") filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Code").[1] The Debtor was represented by Attorney Francis Lafayette.

On or about June 18, 2003, the bankruptcy court ordered Attorney Lafayette to file a fee

---

[1] Trustee's Appendix, No. 1, Docket No. 1.

1

application[2] by July 9, 2004[3] due in part to his failure to comply with an order regarding the filing of an amended plan.[4] On or about June 24, 2003, the bankruptcy court also issued a case management order (the "Case Management Order")[5] in several cases ordering Attorney Lafayette to show cause (1) why he should not file fee applications in all pending cases in which he serves as counsel to the debtor in which fees are unpaid and (2) why, until further order of the court, he should not be required to deposit fees received from Chapter 13 or 7 debtors in the District of Massachusetts in his client trust account and not disburse the funds until approval of his fees.[6] In issuing the Case Management Order, the bankruptcy court took judicial notice that a pattern had arisen whereby Attorney Lafayette failed to adequately represent his

---

[2] Trustee's Appendix No. 1, Docket No. 34.

[3] On July 15, 2004, six days after the deadline, Attorney Lafayette filed a motion to enlarge the time to file the fee application. Trustee's Appendix No. 1, Docket No. 37. On July 17, 2004, eight days after the deadline, Attorney Lafayette filed a motion to allow the late filing of the fee application. Trustee's Appendix No. 1, Docket No. 41. The fee application was ultimately filed on July 17, 2004 (the "Fee Application"). Trustee's Appendix No. 1, Docket No. 40.

[4] Trustee's Appendix No. 2, p. 39.

[5] Trustee's Appendix, No. 2.

[6] The court may allow reasonable compensation to counsel for a debtor based on the benefit and necessity of such services 11 U.S.C. § 330(a)(4)(B). "Unless otherwise ordered by the court, if debtor's counsel's total compensation prior to confirmation of a plan is $2,500.00 or less ...[or]...compensation for post confirmation services [is] in an amount not exceeding $500...the filing of an itemized fee application shall be excused." MLBR 13-7(b).

2

clients.[7]

On July 22, 2003, an evidentiary hearing was conducted on the Case Management Order and on August 27, 2003, an evidentiary hearing was held regarding the Fee Application. Attorney Lafayette presented evidence that the lapses in his representation were due to computer software problems, his chronic illnesses and his staff's temporary illnesses.[8] With respect to the evidence presented by Attorney Lafayette

> The Court finds it hard to believe, and does not believe, that most (if any) of the various errors described in each of the above referenced cases are the result of the various excuses proffered by Attorney Lafayette. But even if the excuses are true, they are not sufficient to overlook the sloppy, careless and unprofessional actions taken by Attorney Lafayette in each of the referenced cases. Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered.[9]

---

[7] The Case Management Order was issued in the following cases: *In re Marta Oyola*, Case No. 02-45398-HJB-Attorney Lafayette filed a Schedule "C" and an Amended Schedule "C" in which he claimed an exemption in assets in excess of that permitted; *In re Hector Rolon* Case No. 02-45994-HJB-Attorney Lafayette filed a Chapter 7 case for the debtor even though he had recently received a Chapter 7 discharge and could not obtain another Chapter 7 discharge, he filed inaccurate schedules, and filed schedules late; *In re Stefan Davis*, Case No. 03-40199-HJB-there were errors in the bankruptcy schedules and plan; *In re Mark Bennett and Angela Bennett*, Case No. 03-40074-HJB-there were errors in the bankruptcy schedules and plan; and *In re Joseph LaFrance*, Case No. 02-42450-HJB-there were inaccuracies regarding time entries on Attorney Lafayette's fee application. The bankruptcy court also ordered Attorney Lafayette to file fee application *In re Peter Caci*, Case No. 02-47249-HJB where by Attorney Lafayette failed to disclose to the debtors that an expert retained by Attorney Lafayette was not in fact qualified, failed to advise the debtors that Attorney Lafayette represented the expert in his own Chapter 13 bankruptcy, undertook to represent both the expert and the debtors in a contest regarding fees, and failed to timely file a motion to sell real estate. Trustee's Appendix No. 2, pp. 38-40.

[8] Trustee's Appendix No. 2, p. 40.

[9] Trustee's Appendix, No. 2, p. 41.

On June 10, 2004, the Court ordered, in part, that Attorney Lafayette disgorge fees,[10] file fee applications in those cases in which there is unpaid compensation, and file fee applications in all future bankruptcy cases (the "June 10, 2004 Order").[11]

On June 24, 2004, Attorney Lafayette filed a Notice of Appeal of the June 10, 2004 Order (the "First Notice of Appeal").[12] On June 29, 2004, the bankruptcy court dismissed the appeal as it was not timely filed pursuant to the Federal Rules of Bankruptcy Procedure 8002(a) (the "Dismissal Order").[13] On June 30, 2004, Attorney Lafayette filed a motion for reconsideration of the Dismissal Order (the "Reconsideration Motion").[14] Attorney Lafayette alleged that the First Notice of Appeal was not timely filed due in part to newly diagnosed illnesses. On July 8, 2004, the bankruptcy court denied the Reconsideration Motion (the "Reconsideration Order").[15] On July 19, 2004, Attorney Lafayette filed a Notice of Appeal of the Reconsideration Order (the "Second Notice of Appeal") which is the subject of the present appeal.[16]

## IV. ARGUMENT

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

---

[10]Trustee's Appendix, No. 3. The order to disgorge was also issued in *Oyola, Rolon, Caci, Davis* and *LaFrance*. Trustee's Appendix, No. 2, p. 44.

[11]Trustee's Appendix, No. 2, pp. 43-44.

[12]Trustee's Appendix, No. 1, Docket No. 61.

[13]Trustee's Appendix, No. 4.

[14]Trustee's Appendix, No. 1, Docket No. 71.

[15]Trustee's Appendix, No. 5.

[16]Trustee's Appendix, No. 1, Docket No. 83.

4

A notice of appeal must be filed within 10 days of the date of the entry of the judgment, order, or decree. Fed. R. Bankr. P. 8002(a). A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of *excusable neglect [emph. added]*.Fed. R. Bankr. P. 8002( c)(2).

Determination of whether neglect is excusable is an equitable one taking into account all relevant circumstances surrounding the parties omission. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396 (1993). "These include...the danger of prejudice to the debtor, the length of the delay and its potential impact of judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

There is no dispute the First Notice of Appeal was not timely filed. Nevertheless, Attorney Lafayette attempts to explain his actions, or lack thereof, on his alleged medical infirmities which he contends rise to the level of excusable neglect. As the bankruptcy court noted, during the period of June 10, 2004 through June 21, 2004 in which the filing of the appeal would have been timely, Attorney Lafayette appeared before the bankruptcy court on five (5) separate hearings and electronically filed eighty three (83) pleadings including five (5) new bankruptcy cases.[17] Attorney Lafayette vigorously engaged in the practice of law, yet overlooked the filing of the First Notice of Appeal. In addition, although the alleged ailments

---

[17]Trustee Appendix, No. 6.

5

may be newly diagnosed, his tactic of using his infirmities as a defense to failing to comply with deadlines is not.[18] Failure to meet deadlines, failure to seek extensions of deadlines, failure to amend schedules, and a purely reactive posture are evidence of the lack of effective, efficient, and professional representation." *In re Collida*, 270 B.R. 209, 214 (Bankr. S.D. Tex. 2001).

In conclusion, there is no dispute that the First Notice of Appeal was not timely filed. In an attempt to circumvent the time restriction set forth under Fed. R. Bankr. Pro. 8002(a), Attorney Lafayette relies upon Fed. R. Bankr. Pro. 8002( c)(2). He contends the late filing is a result of excusable neglect due to his alleged medical infirmities. Attorney Lafayette cannot escape the fact that ten days following the entry of the Dismissal Order he actively engaged in the practice of law before the bankruptcy court. In addition, he has repeatedly used the "ailment defense" in justifying the late filing of documents. Thus, the bankruptcy court did not abuse its discretion in denying the Reconsideration Motion. Thus, the ruling of the bankruptcy court should be affirmed.

Dated: 9/29/04

Respectfully submitted,
Standing Chapter 13 Trustee

_____
Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300

---

[18]Trustee's Appendix, No. 2.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing to the following parties by first class mail, postage prepaid.
Dated: 9/29/04

_____
Denise M. Pappalardo
Joanne Psilos

## SERVICE LIST

Francis J. Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069

Richard King
Asst. United States Trustee
446 Main Street
Worcester, MA 01608

Kathleen Daigneault
151 Gardens Drive
Springfield, MA 01119

## TABLE OF CONTENTS FOR APPELLEE'S APPENDIX

1. Docket Entries

2. Memorandum of Decision dated June 10, 2004

3. Order dated June 10, 2004

4. Dismissal Order dated June 29, 2004

5. Order Denying Motion for Reconsideration Dated July 8, 2004

6. Memorandum of Decision dated July 8, 2004

No.1

REOPEN, NOCLOSE, APPEAL

# United States Bankruptcy Court
## District of Massachusetts (Worcester)
### Bankruptcy Petition #: 02-46689

*Assigned to:* Judge Henry J. Boroff
Chapter 13
Voluntary
Asset

*Date Filed:* 11/01/2002
*Date Reopened:* 05/19/2004
*Date Discharged:*
10/29/2003

**Kathleen M. Daigneault**
151 Gardens Drive
Springfield, MA 01119
SSN: xxx-xx-4802
*Debtor*

represented by **Francis Lafayette**
PO Box 1020
Palmer, MA 01069
(413) 283-7785
Email: francislafayettejd@onebox.com

**Denise M. Pappalardo**
P. O. Box 16607
Worcester, MA 01601
508-791-3300
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 11/01/2002 | 1 | Voluntary Chapter 13 Petition ( Filing Fee $ 185.00 Rcpt # 505005) missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Chapter 13 Plan Due on 4:30 pm 11/18/02 Chapter 13 Plan due on 4:30 pm 11/18/02 ;Proof of Claim (gov. units only) Deadline: 4:30 pm 4/30/03 (jud) (Entered: 11/04/2002) |
| 11/01/2002 | | Matrix. (jud) (Entered: 11/04/2002) |
| 11/01/2002 | 2 | Order to Update Petition. Incomplete Filing; missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Chapter 13 Plan ; Missing Documents Due 4:30 pm 11/18/02 (jud) (Entered: 11/04/2002) |
| 11/18/2002 | 3 | Chapter 13 Plan with Certificate of Service. (yms) (Entered: 11/20/2002) |
| 11/18/2002 | 4 | Schedules a-j (yms) (Entered: 11/20/2002) |
| 11/18/2002 | 5 | Statement of Financial Affairs. (yms) (Entered: 11/20/2002) |

| 11/18/2002 | 6 | Statement of Intent. (yms) (Entered: 11/20/2002) |
|---|---|---|
| 11/18/2002 | 7 | Disclosure of Compensation filed by Attorney Francis Lafayette for the Debtor in the amount of $ 3,000.00. (yms) (Entered: 11/20/2002) |
| 11/21/2002 | | First Meeting of Creditors sch For 1:30 pm 12/18/02 At Banknorth Center, Rm 515 Confirmation Hearing Set For 1:30 pm 12/18/02 At Banknorth Center, Rm 515 ;Proofs of Claim due on 4:30 pm 3/18/03 Notice to be mailed within two weeks. (hk) (Entered: 11/21/2002) |
| 11/22/2002 | 8 | Notice of Appearance And Request For Service Of Notice By Richard T. Mulligan for Creditor Fairbanks Capital Corp.. c/s (yms) (Entered: 11/22/2002) |
| 11/27/2002 | 9 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (pf) (Entered: 11/27/2002) |
| 11/30/2002 | 10 | First Meeting Certificate of Mailing. (auto) (Entered: 11/30/2002) |
| 12/18/2002 | | First Meeting Held and Examination of Debtor. (pf) (Entered: 01/08/2003) |
| 12/23/2002 | 11 | Objection By Mortgage Electronic Registration Systems, Inc. To Confirmation Of [3-1] Debtor's Chapter 13 Plan. c/s (yms) (Entered: 12/23/2002) |
| 12/23/2002 | 12 | Notice of Appearance And Request For Service Of Notice By John S. McNicholas for Creditor Mortgage Electronic Registration Systems, Inc. c/s (lc) (Entered: 12/30/2002) |
| 12/27/2002 | | Hearing Re: [11-1] Objection To Confirmation of Debtor's ch.13 Plan by Mortgage Electronic Registration Systems Set For 10:30 a.m. on 1/29/03 at Springfield Court (yms) (Entered: 12/27/2002) |
| 01/06/2003 | 13 | Certificate Of Service By John S. McNicholas for Creditor Mortgage Electronic Registration Systems, Inc. Of Hearing re: Its Objection To Confirmation of Debtor's ch.13 Plan Set For 10:30 a.m. on 1/29/03 at Springfield Court . (yms) (Entered: 01/06/2003) |
| 01/17/2003 | 14 | Objection By Trustee To Confirmation Of Debtor's [3-1] Chapter 13 Plan. (ab) (Entered: 01/21/2003) |
| 01/29/2003 | | Hearing Held Re: [11-1] Objection to Confirmation of Plan by Mortgage Electronic Registration Systems . (mlm) (Entered: 01/30/2003) |
| | | |

| | | |
|---|---|---|
| 01/29/2003 | 15 | ORDER: Regarding [11-1] Objection to Confirmation of Plan by Mortgage Electronic Registration Systems . SUSTAINED. (mlm) (Entered: 01/30/2003) |
| 01/31/2003 | | Hearing Re: [14-1] Objection to Confirmatio of Plan by Denise M. Pappalardo schd For 10:30 2/26/03 at Springfield Court (mlm) (Entered: 01/31/2003) |
| 02/03/2003 | 16 | Certificate Of Service By Trustee Denise M. Pappalardo Of Hearing re: [14-1] Objection to Confirmatio of Plan by Denise M. Pappalardo schd For 10:30 2/26/03 at Springfield Court . (yms) (Entered: 02/04/2003) |
| 02/19/2003 | 17 | ORDER: Regarding [14-1] Objection to Confirmation of Debtor's ch.13 Plan by Ch.13 Trustee . DUE TO A SCHEDULING CONFLICT, THE HEARING ON THIS MATTER SET FOR 2/26/03 HAS BEEN CONTINUED TO 3/12/03 AT 9:30 AM IN SPRINGFIELD. (yms) (Entered: 02/19/2003) |
| 03/12/2003 | | Hearing Held Re: [14-1] Trustee's Objection to Confirmation of Debtor's Plan. (yms) (Entered: 03/13/2003) |
| 03/12/2003 | 18 | ORDER: Regarding [14-1] Ch.13 Trustee's Objection to Confirmation of plan . SUSTAINED. THE DEBTOR IS ORDERED TO FILE AN AMENDED PLAN WITHIN 30 DAYS. (yms) (Entered: 03/13/2003) |
| 04/28/2003 | 19 | Motion for Relief from Stay Re: 151 Gardens Drive, Springfield, MA. (Receipt Number 510038, Fee Amount $75) Filed by The Bank Of New York. c/s Objections due by 5/12/2003. (yms) (Entered: 04/28/2003) |
| 04/28/2003 | 20 | Objection by Debtor Kathleen M. Daigneault To 19 Motion for Relief From Stay filed by The Bank Of New York. c/s (yms) (Entered: 05/01/2003) |
| 05/20/2003 | 21 | Hearing scheduled for 5/28/2003 at 11:30 AM Springfield Courtroom - HJB RE: 19 Motion for Relief from Stay Re: 151 Gardens Drive, Springfield, MA filed by Bank of New York. (Entered: 05/20/2003) |
| 05/21/2003 | 22 | Certificate of Service Re: 21 Hearing scheduled for 5/28/2003 at 11:30 AM Springfield Courtroom - HJB 9ps0 (Entered: 05/21/2003) |
| 05/23/2003 | 23 | Motion for Relief from the Automatic Stay and For Leave to Foreclose Mortgage Re: 151 Gardens Dr., Springfield, MA Filed by Creditor Mortgage Electronic Registration Systems, Inc. c/s Objections due by 6/5/2003. Receipt Number 510896, Fee Amount |

| | | |
|---|---|---|
| | | $75. (sas) (Entered: 05/23/2003) |
| 05/28/2003 | | Hearing Held RE: 19 Motion for Relief From Stay filed by Creditor The Bank Of New York. (ps , ) (Entered: 05/29/2003) |
| 05/28/2003 | 24 | Order Regarding 19 Motion For Relief From Stay. REPORTED AS SETTLED; STIPULATION TO BE FILED WITHIN 14 DAYS. 5/28/2003. (ps , ) (Entered: 05/29/2003) |
| 06/02/2003 | 25 | Debtor's Opposition Re: 23 Motion for Relief from the Automatic Stay( Mortgage Electronic Registration Systems, Inc.) Filed by Debtor Kathleen M. Daigneault. c/s (Entered: 06/02/2003) |
| 06/03/2003 | 26 | Order to Show Cause. YOU ARE ORDERED TO APPEAR BEFORE THIS COURT ON JUNE 18, 2003 AT 9:30 AM IN THE FEDERAL BUILDING AND COURTHOUSE 1550 MAIN STREET, 2ND FLOOR, SPRINGFIELD, MA, AND TO SHOW CAUSE AS TO WHY THE ABOVE-NAMED DEBTOR'S CHAPTER 13 PETITION SHOULD NOT BE CONVERTED TO A PETITION UNDER CHAPTER 7 OR DISMISSED FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER OF MARCH 12, 2003 REQUIRING FILING OF AN AMENDED CHAPTER 13 PLAN WITHIN 30 DAYS OF THE ORDER. (ps , ) (Entered: 06/03/2003) |
| 06/03/2003 | 27 | Stipulation By Debtor Kathleen M. Daigneault and Creditor The Bank Of New York Re: 19 Motion for Relief From Stay Filed by Creditor The Bank Of New York. c/s (sas) (Entered: 06/03/2003) |
| 06/03/2003 | 28 | Motion to Approve by The Bank of New York Re:27 Stipulation By Debtor Kathleen M. Daigneault and Creditor The Bank Of New York Re: 19 Motion for Relief From Stay Filed by Creditor The Bank Of New York. c/s (sas) (Entered: 06/03/2003) |
| 06/06/2003 | 29 | Hearing scheduled for 6/18/2003 at 11:30 AM Springfield Courtroom - HJB RE: 23 Motion for Relief From Stay, filed by Creditor Mortgage Electronic Registration Systems, Inc. (ps , ) (Entered: 06/06/2003) |
| 06/06/2003 | 30 | Court Certificate of Mailing. RE: 29Hearing scheduled for 6/18/2003 at 11:30 AM Springfield Courtroom - HJB RE: 23 Motion for Relief From Stay, filed by Creditor Mortgage Electronic Registration Systems, Inc. (ps , ) (Entered: 06/06/2003) |
| 06/09/2003 | 31 | First Amended Pre-Confirmation Chapter 13 Plan RE: 3 Chapter 13 Plan Filed by Debtor Kathleen M. Daigneault. c/s (ps , ) (Entered: 06/10/2003) |
| | | |

| | | |
|---|---|---|
| 06/09/2003 | 32 | Debtor's Motion to Modify 3 Chapter 13 Plan (Amendments to Plan Prior to Confirmation) Filed by Debtor Kathleen M. Daigneault. c/s (ps , ) (Entered: 06/10/2003) |
| 06/12/2003 | 33 | Certificate of Service Re: 29 Hearing scheduled for 6/18/2003 at 11:30 AM Springfield Courtroom - HJB Filed by Creditor Mortgage Electronic Registration Systems, Inc. (ps , ) (Entered: 06/12/2003) |
| 06/18/2003 | | Hearing Held Re: Order for Debtor to Show Cause why this case should not be Dismissed or Converted for her failure to comply with this Court's Order of March 12, 2003. (ps , ) (Entered: 06/19/2003) |
| 06/18/2003 | 34 | Order Re:26 Order for Debtor to Show Cause why this case should not be Dismissed or Converted for her failure to comply with this Court's Order of March 12, 2003. CAUSE FOR DISMISSAL OR CONVERSION NOT SHOW. DEBTOR'S COUNSEL IS ORDERED TO FILE A FEE APPLICATION ON OR BEFORE JULY 9, 2003. (Entered: 06/19/2003) |
| 06/18/2003 | | Hearing Held RE: 23 Motion for Relief From Stay, filed by Creditor Mortgage Electronic Registration Systems, Inc. (ps , ) (Entered: 06/19/2003) |
| 06/18/2003 | 35 | Order Regarding 23 Motion for Relief from the Automatic Stay and For Leave to Foreclose Mortgage Re: 151 Gardens Dr., Springfield, MA Filed by Creditor Mortgage Electronic Registration Systems,Inc. REPORTED SETTLED; STIPULATION TO BE FILED WITHIN 14 DAYS. (Entered: 06/19/2003) |
| 06/19/2003 | 36 | Endorsed Order Re: 28 Motion to Approve by The Bank of New York Re:27 Stipulation By Debtor Kathleen M. Daigneault and Creditor The Bank Of New York Re: 19 Motion for Relief From Stay Filed by Creditor The Bank Of New York. ALLOWED. NO OBJECTIONS HAVE BEEN FILED. Entered on 6/19/2003. (ps , ) (Entered: 06/20/2003) |
| 07/15/2003 | 37 | Motion to Enlarge Time to File Fee Application Filed by Debtor's Counsel Francis Lafayette. c/s (Expedited Determination Requested.) (ps , ) (Entered: 07/15/2003) |
| 07/16/2003 | 38 | Stipulation By Debtor Kathleen M. Daigneault and Mortgage Electronic Registration Systems, Inc. Re: 23 Motion for Relief from the Automatic Stay and For Leave to Foreclose Mortgage Filed by Debtor Kathleen M. Daigneault and Mortgage Electronic Registration Systems, Inc. (ps , ) (Entered: 07/16/2003) |
| 07/16/2003 | 39 | Motion to Approve 38 Stipulation By Debtor Kathleen M. Daigneault |

| | | |
|---|---|---|
| | | and Mortgage Electronic Registration Systems, Inc. Re: 23 Motion for Relief from the Automatic Stay and For Leave to Foreclose Mortgage Filed by Creditor Mortgage Electronic Registration Systems, Inc. c/s (ps , ) (Entered: 07/16/2003) |
| 07/17/2003 | 40 | First Fee Application for Compensation for Francis Lafayette, Debtor's Attorney Filed by Attorney Francis Lafayette. c/s (ab) (Entered: 07/17/2003) |
| 07/17/2003 | 41 | Motion to Allow Late Filling of 40 First Fee Application for Compensation for Attorney Francis Lafayette, Debtor's Attorney. (Expedited Determination Requested). c/s (ab) (Entered: 07/17/2003) |
| 07/23/2003 | 44 | Endorsed Order RE: 37 Motion to Enlarge Time to File Fee Application. DENIED AS MOOT. THE FEE APPLICATION WAS NOT FILED ON 7/16/03. (ps , ) (Entered: 08/15/2003) |
| 07/28/2003 | 46 | Notice of Appearance and Request for Notice by Alice Whitten For Creditor AmeriCredit. c/s (lc , ) (Entered: 08/25/2003) |
| 07/30/2003 | 42 | Endorsed Order Re: 39 Motion to Approve 38 Stipulation By Debtor Kathleen M. Daigneault and Mortgage Electronic Registration Systems, Inc. ALLOWED. NO OBJECTIONS HAVE BEEN FILED. (Entered: 07/30/2003) |
| 08/14/2003 | 43 | Order Confirming 31 First Amended Chapter 13 Plan. (ps) (Entered: 08/14/2003) |
| 08/15/2003 | 45 | Endorsed Order RE: 41 Motion to Allow Late Filling of 40 First Fee Application for Compensation. THE COURT WILL ACCEPT THE UNTIMELY FILING BUT WILL CONSIDER ITS UNTIMELINESS AS A FACTOR IN ITS DETERMINATION OF THE AMOUNT TO BE ALLOWED. THE APPLICATION IS SET FOR HEARING ON AUGSUT 27, 2003 AT 9:30AM IN SPRINGFIELD. (ps , ) (Entered: 08/15/2003) |
| 08/15/2003 | | Hearing scheduled for 8/27/2003 at 09:30 AM Springfield Courtroom - HJB RE: 40 First Fee Application for Compensation for Francis Lafayette. (ps , ) (Entered: 08/15/2003) |
| 08/27/2003 | | Hearing Held RE: 40 Application for Compensation of Francis Lafayette as Counsel to Debtor. (sas) (Entered: 08/28/2003) |
| 08/27/2003 | 47 | Order Regarding 40 Application For Compensation of Francis Lafayette as Counsel to Debtor. TAKEN UNDER ADVISEMENT. (sas) (Entered: 08/28/2003) |

| | | |
|---|---|---|
| 08/28/2003 | 48 | Court Certificate of Mailing RE: 47 Order on Application for Compensation. (sas) (Entered: 08/28/2003) |
| 10/16/2003 | 49 | Chapter 13 Trustee's Report and Account and Request for Debtor's Discharge Filed and Accepted with Notice of Deadline for Objections. (ps, usbc) (Entered: 10/29/2003) |
| 10/29/2003 | 50 | Order Discharging Debtor . (ps, usbc) (Entered: 10/29/2003) |
| 10/30/2003 | 51 | Affidavit of Non-Compliance Re: 38 Stipulation By Debtor Kathleen M. Daigneault and Mortgage Electronic Registration Systems, Inc. Re: 23 Motion for Relief from the Automatic Stay and For Leave to Foreclose Mortgage Stipulation, Filed by Creditor Mortgage Electronic Registration Systems, Inc. c/s (ps, usbc) (Entered: 10/31/2003) |
| 10/31/2003 | 52 | BNC Certificate of Mailing - Order of Discharge. Service Date 10/31/2003. (Related Doc # 50) (Admin.) (Entered: 11/01/2003) |
| 11/04/2003 | 53 | Order Granting 23 Motion for Relief from the Automatic Stay and For Leave to Foreclose Mortgage Re: 151 Gardens Dr., Springfield, MA Filed by Creditor Mortgage Electronic Registration Systems, Inc. (ps, usbc) (Entered: 11/04/2003) |
| 11/06/2003 | 54 | BNC Certificate of Mailing - PDF Document. Service Date 11/06/2003. (Related Doc # 53) (Admin.) (Entered: 11/07/2003) |
| 04/06/2004 | 55 | Chapter 13 Trustee's Final Report and Account and Request of Discharge of Trustee. Action Taken: plan completed. (ZZ-Pappalardo, Denise) (Entered: 04/06/2004) |
| 04/07/2004 | 56 | Order Pursuant to 11 U.S.C. Section 350(a), the Court hereby discharges the Chapter 13 Trustee and Order to Close Case. (Case Closed). (ps, usbc) (Entered: 04/07/2004) |
| 05/19/2004 | | Bankruptcy Case Reopened Administratively as closed in error. (sas, usbc) (Entered: 05/19/2004) |
| 06/10/2004 | 57 | Memorandum of Decision Dated June 10, 2004 Regarding 40 First Fee Application for Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 58 | Order Dated June 10, 2004 Regarding 40 First Fee Application For Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 59 | Court Certificate of Mailing of 57 Memorandum of Decision Dated |

| | | |
|---|---|---|
| | | June 10, 2004 Regarding 40 First Fee Application for Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 60 | Court Certificate of Mailing of 58 Order Dated June 10, 2004 Regarding 40 First Fee Application For Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/24/2004 | 61 | Notice of Appeal filed by Attorney Francis Lafayette RE: 57 Memorandum of Decision and 58 Order Dated June 10, 2004 Regarding 40 First Fee Application for Compensation. c/s Appellant Designation due by 7/5/2004. Compiled Records Due by 7/19/2004. Transmission of Designation Due by 7/26/2004. Receipt Number 521608 Fee Amount $255. (ps, usbc) (Entered: 06/24/2004) |
| 06/24/2004 | 62 | Election of Appeal to District Court Filed by Attorney Francis Lafayette RE: 61 Notice of Appeal filed by Attorney Francis Lafayette RE: 57 Memorandum of Decision and 58 Order Dated June 10, 2004 Regarding 40 First Fee Application for Compensation. c/s Appellant Designation due by 7/5/2004. Compiled Records Due by 7/19/2004. Transmission of Designation Due by 7/26/2004. Receipt Number 521608 Fee Amount $250. (ps, usbc) (Entered: 06/24/2004) |
| 06/25/2004 | 63 | Notice of Appeal to District Court Re: 61 Notice of Appeal by Francis Lafayette Counsel to Debtor. (ab, usbc) (Entered: 06/25/2004) |
| 06/25/2004 | 64 | Court Certificate of Mailing Re: 63 Notice of Appeal to District Court. (ab, usbc) (Entered: 06/25/2004) |
| 06/25/2004 | 65 | Status Report *with c/s* (RE: 58 Order on Application for Compensation). (Psilos, Joanne) (Entered: 06/25/2004) |
| 06/29/2004 | 66 | Order Dated 6/29/04 RE: 61 Notice of Appeal Filed by Francis Lafayette, Counsel of Debtor. (yms, usbc) (Entered: 06/29/2004) |
| 06/30/2004 | 67 | Order to Show Cause Dated 6/30/04 Regarding 58 Order Dated June 10, 2004 Regarding 40 First Fee Application For Compensation filed by Attorney Francis Lafayette. Show Cause hearing to be held on 7/14/2004 at 02:00 PM at Springfield Courtroom - HJB. (sas, usbc) (Entered: 06/30/2004) |
| 06/30/2004 | 68 | Court Certificate of Mailing of 66 Order Dated 6/29/04 RE: 61 Notice of Appeal and 67 Order to Show Cause Dated 6/30/04 Regarding 58 Order Dated June 10, 2004 Regarding 40 First Fee Application For Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/30/2004) |
| 06/30/2004 | 69 | Status Report *with c/s* (Re: 58 Order on Application for |

| | | |
|---|---|---|
| | | Compensation). Filed by Debtor Kathleen M. Daigneault (Lafayette, Francis) (Entered: 06/30/2004) |
| 07/01/2004 | 70 | Motion to Reconsider (Re: 66 Order) Filed by Debtor Kathleen M. Daigneault (Lafayette, Francis) CORRECTIVE ENTRY: Incorrect PDF Attached; See Doc #71. Modified on 7/6/2004 (sas, usbc). (Entered: 07/01/2004) |
| 07/01/2004 | 71 | Motion to Reconsider (Re: 66 Order) Filed by Debtor Kathleen M. Daigneault (Lafayette, Francis) (Entered: 07/01/2004) |
| 07/01/2004 | 72 | Brief/Memorandum In Support Of (Re: 71 Motion to Reconsider). Filed by Debtor Kathleen M. Daigneault (Lafayette, Francis) (Entered: 07/01/2004) |
| 07/06/2004 | 73 | Certification of Amounts Paid to Attorney Lafayette and Request For Sanctions Filed by Debtor Kathleen M. Daigneault. c/s (ps, usbc) (Entered: 07/07/2004) |
| 07/08/2004 | 74 | Endorsed Order dated 7/8/04 RE: 73 Certification of Amounts Paid to Attorney Lafayette and Request For Sanctions Filed by Debtor Kathleen M. Daigneault. THE COURT WILL HEAR THIS CERTIFICATION AND REQUEST FOR SANCTIONS IN CONJUNCTION WITH THE SHOW CAUSE ORDER AT THE HEARING SCHEDULED FOR JULY 14, 2004 AT 2:00PM IN SPRINGFIELD. (ps, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | 75 | Court Certificate of Mailing RE: 74 Endorsed Order dated 7/8/04 RE: 73 Certification of Amounts Paid to Attorney Lafayette and Request For Sanctions Filed by Debtor Kathleen M. Daigneault. (ps, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | | Hearing scheduled for 7/14/2004 at 02:00 PM Springfield Courtroom - HJB RE: 73 Certification of Amounts Paid to Attorney Lafayette and Request For Sanctions Filed by Debtor Kathleen M. Daigneault. (ps, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | 76 | Memorandum of Decision Dated 7/8/04 Regarding 71 Motion to Reconsider 66 Order Filed by Attorney Francis Lafayette. A SEPARATE ORDER SHALL ISSUE. (sas, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | 77 | Order Dated 7/8/04 Denying 71 Motion to Reconsider 66 Order Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | 78 | Court Certificate of Mailing of 76 Memorandum of Decision and 77 Order Regarding 71 Motion to Reconsider 66 Order Filed by |